

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady
Banking Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-3058
Re: Disposition of Social Security
deductions from salaries of
employees.

Your request for an opinion relative to the proper
disposition of funds withheld by you from employees' salaries
is such that we deem it important to here set out your letter
in full. It is:

"The controversy existing between the Federal
Government and the Banking Commissioner as Statu-
tory Liquidator of the several insolvent banks
and building and loan associations, relative to
the liability of corporations for Social Security
taxes, is now being compromised, the Commissioner
having been authorized to effect such compromise
on behalf of each liquidation by order of the
District Court having jurisdiction over each
liquidation. These orders are all identical in
form, a copy of the form used being hereto at-
tached.

"As a basis of compromise, the Federal
Government has agreed: (1) to waive all penal-
ties and interest; (2) to abate any tax which
accrued prior to May 28, 1938, where the collec-
tion of the tax would interfere with the full
payment of depositors and creditors, and (3)
to accept $2.00 as full satisfaction of any
liability asserted against these liquidations in
which all assets had been disposed of prior to
the assessment of the tax. The compromise amounts

computed on this basis aggregate approximately one-third of the liability asserted by the Federal Government.

"In effecting this compromise, this Department has not admitted liability, but instead has uniformly denied liability and refused to pay the tax assessed. The Department's motive in effecting this compromise is not fear of liability, but realization that the depositors and creditors of the several insolvent corporations would suffer more from the prolonged litigation necessary to legally determine liability - irrespective of the outcome of that litigation - than they would by paying the compromise amounts at this time.

"The Federal Government, on the other hand, by accepting approximately one-third of the amount which would be due if liability had been established, has clearly indicated that it does not consider the existence of liability free from doubt.

"You are, of course, aware that this Department has consistently denied liability and refused to pay these taxes, following the ruling of your Department under Opinion No. 3049. In spite of the fact that we consistently denied liability, we, nevertheless, as a matter of precaution, deducted 1% from the salaries of employees, and now hold this fund amounting to several hundred dollars in trust for the purpose of paying the employee's 1% of this tax liability, when and if such liability is established. Obviously, if in fact liability did not exist, we had no right to retain this 1%, and had there been a final adjudication denying liability, we would have been bound to pay this trust fund to the employees from whom it was retained.

"Having compromised the controversy, and precluded any possibility of ever having a final

adjudication of liability, we are now in doubt
as to the proper disposition of this trust
fund. Certainly the compromise cannot be
considered as a determination that liability
exists. Neither the Commissioner nor the
several District Courts could, through a com-
promise agreement, make a determination of
liability binding upon these several employees,
so that their trust funds could be used in
paying the compromise amount. It is inter-
esting, too, to note that the several courts
made no attempt to direct payment or partial
payment of the compromise amounts out of
these trust funds. The order authorizes the
Commissioner to effect the compromise, and
payment of the compromise amount out of the
asset of the liquidation.

"In the light of these facts, I respect-
fully submit the following question:

"Should these trust funds be paid to the
Federal Government as a part of the compromise
amount, or paid to the employees from whose
salaries they were withheld?"

Your reference to our opinion No. 3049 is a reference
to opinion No. 0-575 (conference opinion 3049). In such opin-
ion, we held that you were not liable for the Social Security
taxes assessed under the Federal Social Security Act on em-
ployees hired by you to assist in the liquidation of defunct
banks. It follows, assuming such opinion to be correct, that
you had no authority to deduct one per cent from the salaries
of those employees. Having made such deduction out of pre-
caution as a protection against possible adjudication of
liability, such funds constitute a trust fund in your hands
for the benefit of the employees who contributed to such funds.

You advise that the form of order entered by the
various district courts having supervision of the several
banks in liquidation directs payment of the several amounts
aggregating the total compromise amounts out of the assets
of the banks in liquidation. Such being true, and the possible

liability of the employees in question having been eliminated by the compromise, there is no need for the continuation of the trust and such sums as are now held by you should be returned to the respective employees out of whose salaries the same were deducted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Lloyd Armstrong
Assistant

LL:OO

APPROVED AUG 21, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN